UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTH BAY PLANTATION CONDOMINIUM
ASSOCIATION, INC., a not for profit
corporation also known as SOUTH BAY
PLANTATION ASSOCIATES, LLC,

          Plaintiff,

vs.                                Case No.  2:12-cv-45-FtM-29SPC

SENECA INSURANCE COMPANY, INC., a
corporation authorized and doing
business in Florida,

          Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss with Prejudice Plaintiff's Amended Complaint (Doc. #7) filed on January 31, 2012. Plaintiff filed a Response (Doc. #12) on February 28, 2012. Defendant filed a Reply (Doc. #16) on March 16, 2012, and Plaintiff filed a Sur-Reply (Doc. #17) on March 23, 2012. For the reasons set forth below, the motion is denied, but a portion of the Amended Complaint is stricken.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir.

2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id. The Court may take judicial notice of matters of public record without converting a Rule 12(b)(6) to a Rule 56 motion. See Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376 (11th Cir. 2010).

**II.**

Plaintiff South Bay Plantation Condominium Association, Inc. (South Bay or plaintiff) is a condominium association for a condominium complex in Collier County, Florida. (Doc. #2, ¶¶ 1, 2.) After Hurricane Wilma damaged the complex in October 2005, plaintiff notified its insurance carrier, defendant Seneca Insurance Company, Inc. (Seneca or defendant). (Id., ¶ 5.) Plaintiff alleges that the insurance policy was in full force and

effect when the damage occurred, that the policy covered the damages, and that plaintiff has complied with all prerequisites, but that defendant refused to pay plaintiff's expenses. (Id., ¶¶ 6-13.)

On October 22, 2010, plaintiff filed a complaint in the Twentieth Judicial Circuit Court, in and for Collier County, Florida, but failed to timely effectuate service. (Doc. #7-3.) On September 19, 2011, plaintiff received an extension of 90 days to effectuate service on defendant. (Id.) On December 12, 2011, prior to service, plaintiff filed a two-count Amended Complaint alleging breach of contract and requesting declaratory relief. (Doc. #1, ¶ 2.) The Amended Complaint also added a provision stating that plaintiff is "also known as South Bay Plantation Associates, LLC." (Doc. #2, ¶ 2.) Defendant was then served with process, and removed the case to federal court on the basis of diversity of citizenship. (Doc. #1.)

### III.

Defendant asserts four arguments in support of its motion to dismiss: (1) the Amended Complaint was barred by the statute of limitations, and does not relate back to the original Complaint, because an additional plaintiff was added to the action; (2) the plaintiff failed to timely and properly join an indispensable party; (3) Count II fails to state a proper cause of action for

declaratory relief; and (4) plaintiff failed to adequately plead its compliance with post-loss obligations. (Doc. #7.)

### A. Statute of Limitations

Defendant asserts that the Amended Complaint attempted to add a plaintiff to the action and, as a result, the Amended Complaint does not relate back to the original Complaint and is barred by the statute of limitations. (Doc. #7, pp. 13-16.) Plaintiff responds that there is only one plaintiff in the action, and that it "added the 'also known as' to ensure clarity in the event Defendant might try to muddy the water." (Doc. #17, p. 4.) Because plaintiff's use of the phrase itself muddies the water, the Court will deny the motion but strike the language from the Amended Complaint.

There is only one plaintiff in the Amended Complaint - South Bay Plantation Condominium Association, Inc. This corporate entity cannot be the same entity as South Bay Plantation Associates, LLC, which is a limited liability company with a distinct legal existence. The Amended Complaint consistently references "plaintiff" in the singular, not plural, indicating one plaintiff. Adding the "also known as" language identifying a separate legal entity simply adds confusion and would render the Amended Complaint unnecessarily vague. Therefore, all references to plaintiff as being "also known as South Bay Plantation Associates, LLC" will be stricken from the Amended Complaint. Since the Amended Complaint did not add an additional party, the argument that it does not

relate back is not well founded and the motion to dismiss on this ground will be denied.

**B.  Indispensable Party**

In its second argument, defendant contends that the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) because plaintiff failed to join an indispensable party, i.e., South Bay Plantation Associates, LLC.  (Doc. #7, pp. 16-19.)  Defendant argues that it may incur double exposure under the insurance policy because South Bay Plantation Associates, LLC has an interest in the insurance policy.  (Doc. #7, p. 18.)

Fed. R. Civ. P. 19 governs joinder of parties, and requires a two-part test for determining whether a party is indispensable. "First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible.  If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1280 (11th Cir. 2003)(citations omitted).

Defendant argues that South Bay Plantation Associates, LLC is a party who must be joined.  Under Rule 19(a), a party must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). In determining whether a party should be joined, pragmatic concerns, including the effect on the parties and the litigation, control. Focus on the Family, 344 F.3d at 1280 (citations omitted). The burden is on the movant to show the nature of the unprotected interests of the absent parties. West Peninsular Title Co. v. Palm Beach Cnty., 41 F.3d 1490, 1492 (11th Cir. 1995). It is apparent that South Bay Plantation Associates, LLC claimed an interest in the insurance policy, since it attempted to file an action regarding the policy in state court. (Doc. #7-8; Doc. #12-5.) Proceeding without South Bay Plantation Associates, LLC, however, will not impede defendant's ability to protect its interest, or leave defendant subject to a substantial risk of incurring double obligations because, as defendant points out, the statute of limitations has expired and South Bay Plantation Associates, LLC failed to effectuate timely service of its state court complaint. (Doc. #7, pp. 14-15; Doc. #7-8.)

**C.  Declaratory Relief**

In its third argument, defendant argues that Count II fails to state a proper cause of action for declaratory relief. (Doc. #7,

pp. 20-22.) In Count II, plaintiff seeks a declaration of: (1) plaintiff's rights and obligations under the policy; (2) the validity of the terms of the insurance contract; (3) a declaration that such "covered claims" must be paid; (4) that defendant has no valid defenses or immunities; and (5) that the co-insurance and deductible provisions of the policy are void. (Doc. #2, ¶¶ 23-28.)

Count II is brought under the Florida Declaratory Judgment Act, which requires:

> a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

Santa Rosa Cnty. v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1192-93 (Fla. 1995)(quoting Martinez v. Scanlan, 582 So. 2d 1167, 1170 (Fla. 1991)). "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical 'state of facts which have not arisen' and are only 'contingent, uncertain, [and] rest in the future.'" Santa Rosa Cnty., 661 So. 2d at 1193 (quoting LaBella v. Food Fair, Inc., 406 So. 2d 1216, 1217 (Fla. 3d

DCA 1981)). A declaration by the Court is discretionary. Travelers Ins. Co. v. Emery, 579 So. 2d 798, 800 (Fla. 1st DCA 1991).

"A complaint for declaratory judgment should not be dismissed if the plaintiff established the existence of a justiciable controversy cognizable under the Declaratory Judgment Act, chapter 86, Florida Statutes (2007). . . . The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." Murphy v. Bay Colony Prop. Owners Ass'n, 12 So. 3d 924, 926 (Fla. 2d DCA 2009)(internal citation and quotation omitted).

The Amended Complaint states a plausible cause of action for declaratory judgment under these standards. Therefore, the motion to dismiss will be denied as to Count II.

**D. Conditions Precedent**

In its final argument, defendant argues that plaintiff failed to satisfy its post-loss obligations under the policy, and therefore has not complied with conditions precedent to a claim. (Doc. #7, p. 22.) In support, defendant attached a correspondence sent to plaintiff requesting a sworn proof of loss within sixty days and alleges plaintiff failed to comply with the request. (Doc. #7-10.) The document submitted by defendant does not qualify as material the Court may consider on a motion to dismiss. See La

<u>Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004).

The Court finds that the Amended Complaint adequately alleges that plaintiff complied with all conditions precedent to the lawsuit. Paragraph 13 of the Amended Complaint states:

> Plaintiff has complied with all prerequisites, whether denominated conditions precedent, duties after loss, or otherwise, to receiving benefits or proceeds under the above policy, or maintaining the instant suit for the breach or declaration of said policy. Alternatively, given the nearly, five (5) years since the loss, Seneca has waived or never had standing to assert the absence of any proof of loss forms.

(Doc. #2, ¶ 13.) Additionally, paragraph 15 states: "Plaintiff has provided copious documentation showing proof of losses." (<u>Id.</u> at ¶ 15.) These are sufficient under Fed. R. Civ. P. 9(c). Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss with Prejudice Plaintiff's Amended Complaint (Doc. #7) is **DENIED**.

2. All references to "also known as South Bay Plantation Associates, LLC" are **STRICKEN** from the Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>26th</u> day of September, 2012.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record